UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ROBERT MOELLER,

    Plaintiff,

And

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. and
UNITED HEALTHCARE INSURANCE COMPANY,

    Involuntary Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 19-CV-166

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

    It is hereby stipulated by and between Robert Moeller ("Plaintiff"), American Family Mutual Insurance Company, S.I. ("American Family") and United Healthcare Insurance Company (together with American Family, "Involuntary Plaintiffs" and together with American Family and Plaintiff, "Plaintiffs"), and the United States of America, by and through their respective attorneys, as follows:

    1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

1

2. The United States of America agrees to pay the sum of twelve thousand seven hundred fifty dollars ($12,750), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the

prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, plaintiff's attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by check drawn on the United States Postal Service for twelve thousand seven hundred fifty dollars ($ 12,750) and made payable to Gendlin, Liverman & Rymer, S.C. Trust. The check will be mailed to Timothy Rymer at the following address: Gendlin, Liverman & Rymer, S.C., 10335 W. Oklahoma Ave, Ste. 300, Milwaukee, WI 53227. Timothy Rymer agrees to distribute the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this _3rd_ day of _October_, 2019.

_____
Robert Moeller
*Plaintiff*

Executed this ___ day of _October_, 2019.

_____
Timothy J. Rymer
*Attorney for Robert Moeller*

4

Executed this 30 day of SEPT, 2019.

_____
American Family Mutual Insurance Company, S.I.
Involuntary Plaintiff

Executed this _____ day of _____, 2019.

_____
United Healthcare Insurance Company
Involuntary Plaintiff

Executed this _____ day of _____, 2019.

MATTHEW D. KRUEGER
United States Attorney

By:_____
Carter B. Stewart
Assistant United States Attorney
Attorneys for Defendant,
United States of America

5

Executed this _____ day of _____, 2019.

_____
American Family Mutual Insurance Company, S.I.
Involuntary Plaintiff

Executed this \_\_\_\_15\_\_\_\_ day of \_\_\_Oct_____, 2019.

_____
United Healthcare Insurance Company
Involuntary Plaintiff

Executed this _____ day of _____, 2019.

MATTHEW D. KRUEGER
United States Attorney

By:_____
Carter B. Stewart
Assistant United States Attorney
Attorneys for Defendant,
United States of America

5

Executed this _____ day of _____, 2019.

_____
American Family Mutual Insurance Company, S.I.
Involuntary Plaintiff

Executed this _____ day of _____, 2019.

_____
United Healthcare Insurance Company
Involuntary Plaintiff

Executed this 31st day of October, 2019.

MATTHEW D. KRUEGER
United States Attorney

By: _____
Carter B. Stewart
Assistant United States Attorney
Attorneys for Defendant,
United States of America